IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOSEPH POWELL,

    Plaintiff,

v.                                                             No. 1:17-cv-01110-JDB-cgc

JASON WOODARD, FNU PERRY,
FNU ANDREWS, CORRECT CARE
SOLUTIONS, TENNESSEE DEPARTMENT
OF CORRECTION, and CORRECTIONS
CORPORATION OF AMERICA,

    Defendants.

## ORDER DISMISSING COMPLAINT, DENYING CERTIFICATE OF APPEALABILITY, AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

This action was commenced in the United States District Court for the Middle District of Tennessee by the *pro se* prisoner Plaintiff, Joseph Powell, an inmate at Trousdale Turner Correctional Center in Hartsville, Tennessee, against Defendants, Jason Woodard, FNU Perry, FNU Andrews, Correct Care Solutions, the Tennessee Department of Correction, and Corrections Corporation of America, pursuant to 42 U.S.C. § 1983. (Docket Entry ("D.E.") 1.) On June 8, 2017, Chief District Judge Waverly D. Crenshaw, Jr. granted Powell leave to proceed *in forma pauperis*; assessed the civil filing fee in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b) (the "PLRA"); and transferred the matter to this Court.[2] (D.E. 3.)

The Plaintiff alleged in his complaint that his constitutional rights were violated when his requests for medical treatment for Hepatitis C during a period from May 1 to May 17, 2016, were

---

[2]On February 28, 2018, this case was reassigned from District Judge James D. Todd to the undersigned pursuant to Administrative Order 2018-09. (D.E. 6.)

denied. At the time of the requests, he was being housed at the Hardeman County Correctional Facility in Whiteville, Tennessee ("HCCF").[3] He further averred that there was a pattern and practice of failing to provide medical care for inmates with Hepatitis C and that he is still not receiving treatment.

Courts are required to screen prisoner pleadings and dismiss a complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). To assess whether the complaint states a claim on which relief may be granted, the courts are to apply the pleadings standards under Federal Rule of Civil Procedure 12(b)(6) announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "To survive scrutiny under [§§ 1915(e)(2)(B) and 1915A(b)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Walton v. Gray*, 695 F. App'x 144, 145 (6th Cir. 2017) (per curiam) (quoting *Hill*, 630 F.3d at 471) (internal quotation marks omitted). A complaint is subject to dismissal for failure to state a claim if the allegations show, among other things, that relief is barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). That said, courts have not "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("declin[ing] to

---

[3] It appears from the filings that he was transferred from HCCF to another facility in July 2016. (D.E. 1 at PageID 12.)

2

affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants").

As previously noted, this action was brought pursuant to 42 U.S.C. § 1983, which provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). To state a claim under the statute, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Doe v. Miami Univ.*, 882 F.3d 579, 595 (6th Cir. 2018) (quoting *Heyne v. Metro. Nashville Pub. Sch.*, 665 F.3d 556, 562 (6th Cir. 2011)).

"Because Congress did not specifically adopt a statute of limitations governing § 1983 actions, federal courts must borrow the statute of limitations governing personal injury actions in the state in which the [§] 1983 action was brought." *Buck v. City of Highland Park, Mich.*, 733 F. App'x 248, 252 (6th Cir. 2018) (quoting *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003)) (internal quotation marks omitted), *reh'g denied* (May 23, 2018). The statute of limitations for such claims in Tennessee is one year. *See* Tenn. Code Ann. § 28-3-104(a); *Jordan v. Blount Cty.*, 885 F.3d 413, 415 (6th Cir. 2018), *petition for cert. docketed* (No. 18-73) (U.S. July 16, 2018). "Although the applicable time period is borrowed from state law, the date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016) (quoting *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007)) (internal quotation marks omitted). The standard rule

under federal law is that "accrual occurs when the plaintiff has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks omitted). That is, accrual takes place "when the plaintiff can file suit" and is "able to prove the elements of his claim." *Jordan*, 885 F.3d at 415.

While Powell does not cite to any specific constitutional provision, his allegations implicate the Eighth Amendment, which "prohibits prison officials and doctors from showing deliberate indifference to an inmate's serious medical needs." *Mattox v. Edelman*, 851 F.3d 583, 597 (6th Cir. 2017), *reh'g denied* (Apr. 6, 2017). A cause of action for deliberate indifference in this context accrues on the date medical care was denied, even if the full extent of the plaintiff's injury is not known until later. *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009); *Olmstead v. Fentress Cty., Tenn.*, Case No. 2:16-cv-00046, 2017 WL 4176256, at *3 (M.D. Tenn. Sept. 21, 2017). Thus, Plaintiff's claims accrued no later than May 17, 2016. The complaint, however, was not filed until May 21, 2017,[5] after the one-year statute of limitations had expired. Accordingly, the complaint is untimely and is DISMISSED.[6] *See Reece v. Whitley*, No. 3:15-0361, 2016 WL

---

[5]The Plaintiff signed the complaint on May 21, 2017. Under the prison mailbox rule, "a *pro se* prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). This occurs, "absent contrary evidence, . . . on the date he or she signed the complaint." *Id.*; *see also Sydnor v. Louisville Police Dep't*, Civil Action No. 3:18CV-P186-JHM, 2018 WL 4210788, at *3 n.1 (W.D. Ky. Sept. 4, 2018) (same), *appeal filed* (No. 18-6015) (6th Cir. Sept. 26, 2018). As there is no contrary evidence, the Court will construe the complaint as being filed on the date it was signed.

[6]Powell's allegation of a pattern and practice with respect to prisoners suffering from Hepatitis C generally is conclusory and contains no supporting facts. Moreover, to the extent he asserts a continuing constitutional violation, such a contention does nothing to alter the outcome of this case. The so-called continuing violation doctrine is a narrow exception to the general rule that a statute of limitations commences when the wrongful conduct occurs and is rarely used in § 1983 cases. *See Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003); *Arya v. Taxak*, Civil Action No. 3:17-CV-032-TBR, 2017 WL 5560411, at *11 n.13 (W.D. Ky. Nov. 17, 2017). In *Bruce v. Correctional Medical Services, Inc.*, 389 F. App'x 462 (6th Cir. 2010), the Sixth Circuit explained that a continuing violation in the context of a § 1983 deliberate indifference claim "is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Bruce*, 389 F.

705265, at *9 (M.D. Tenn. Feb. 23, 2016) (*pro se* plaintiff's § 1983 complaint untimely and subject to dismissal when filed one day after Tennessee's one-year statute of limitations period had expired), *report and recommendation adopted*, 2016 WL 5930886 (M.D. Tenn. Oct. 12, 2016), *aff'd* (No. 16-6793) (6th Cir. May 14, 2018).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court CERTIFIES that an appeal would not be taken in good faith.

Additionally, the Court must address the assessment of the $505 appellate filing fee should Powell nevertheless appeal the dismissal of this matter. Certifying that an appeal would not be taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997) (setting out specific procedures for implementing the PLRA, § 1915(a)-(b)), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Accordingly, if Plaintiff wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures articulated in *McGore* and the PLRA, which require filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of any future filings by Powell, this is the second

---

App'x at 466. Under this rubric, "each discrete incident alleged constitutes a separate unlawful action that must fall within the statutory period." *Combs v. Mgmt. & Training Corp.*, Case Nos. 3:16CV139, 3:15CV2698, 3:16CV789, 3:16CV469, 3:17CV812, 3:16CV2591, 3:16CV2993, 2018 WL 3060001, at *5 (N.D. Ohio June 20, 2018) (quoting *Durham v. Mohr*, Case No. 2:14-cv-581, 2015 WL 5244464, at *4 (S.D. Ohio Sept. 9, 2015)). As previously noted, Plaintiff has identified no discrete incident of a denial of medical care occurring within the statutory period.

dismissal of one of his cases as frivolous or for failure to state a claim. This second "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015).

The Clerk of Court is DIRECTED to prepare a judgment.

IT IS SO ORDERED this 22nd day of October 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE